**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30059 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00082-RSL |
| v. | |
| CEDRIC BARQUET, a.k.a. Ced, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, Chief Judge, Presiding

Submitted May 24, 2011[**]

Before: PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Cedric Barquet appeals from his jury-trial conviction and 144-month

sentence for (1) conspiracy to distribute cocaine and "crack" cocaine, in violation

of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and (2) possession with intent to

distribute cocaine and "crack" cocaine, in violation of 21 U.S.C. § 841(a)(1),

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

841(b)(1)(B), and 18 U.S.C. § 2. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Barquet contends that the district court erred when it denied his motion to suppress because the government failed to satisfy its statutory burdens under 18 U.S.C. § 2518. The district court did not err because the record reflects that the government's wiretap applications sufficiently "attest[ ] that adequate investigative tactics were exhausted before the wiretap order was sought or that such methods reasonably appeared unlikely to succeed or too dangerous." *United States v. Rivera*, 527 F.3d 891, 898 (9th Cir. 2008) (citations omitted). The government also acted reasonably in its "good faith efforts to use traditional investigative tactics or its decision to forego such tactics based on the unlikelihood of their success or the probable risk of danger involved with their use." *United States v. Gonzalez, Inc.*, 412 F.3d 1102, 1112 (9th Cir. 2005). Moreover, any error or omissions in the government's applications were not material to the authorizing court's approval of the wiretaps. *See United States v. Carneiro*, 861 F.2d 1171, 1176-77 (9th Cir. 1988).

Barquet also contends that the district court erred in denying him the opportunity to develop a record in support of his motion to suppress by denying him a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). The district

court did not err when it denied Barquet's request for a *Franks* hearing because Barquet failed to make "a substantial preliminary showing that the affidavit[s] contained intentionally or recklessly false statements, and that the affidavit purged of its falsities would not be sufficient to support a finding of probable cause." *United States v. Meling*, 47 F.3d 1546, 1553 (9th Cir. 1995) (internal quotation marks, brackets and ellipses omitted).

**AFFIRMED.**